IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CERTAINTEED FIBER CEMENT | : | |
| SIDING LITIGATION | : | MDL Docket No. 2270 |
| | : | |
| This document relates to: | : | |
| | : | |
| VAIL LIONSHEAD CONDOMINIUM | : | |
| ASSOCIATION | : | |
| | : | |
| v. | : | |
| | : | |
| CERTAINTEED CORPORATION | : | |
| No. 13-cv-5182 (E.D. Pa.) | : | |

O'NEILL, J.                                                    September 23, 2014

**<u>MEMORANDUM</u>**

This case is part of the multidistrict litigation known as In re: CertainTeed Fiber Cement

Siding Litigation (MDL Dkt. No. 2270).  Now before me is a request for remand by Vail

Lionshead Condominium Association, a/k/a Lodge at Lionshead Phase I Condominium

Association and Lionshead Condominium Association Phase II, a/k/a Lodge at Lionshead Phase

II Condominium Association (collectively, Lionshead), Dkt. No. 34.  The parties now agree that

the Lionshead action should be remanded to the District of Colorado.  Dkt. No. 138 at ECF p. 1.

Lionshead originally filed its action in the Colorado District Court, County of Eagle, No.

2013-CV-030111, and CertainTeed removed the case to the United States District Court for the

District of Colorado, No. 1:13-cv-02028.  <u>See</u> Dkt. No. 34 at ¶ 2; Dkt. No. 75 at ECF p. 2.  The

Lionshead action was identified as a tag-along case and transferred to this multidistrict litigation

for consolidated pretrial proceedings.[1]  Dkt. No. 34 at ¶ 2.

On October 3, 2013, I preliminarily approved a settlement of this multidistrict litigation.

---

[1]        In the Eastern District of Pennsylvania the Lionshead case is docketed as case
number 13-cv-5182.

Dkt. No. 28.  On December 20, 2013, Lionshead filed with the Court its notice of opt-out from

the settlement in conjunction with its request for remand.  Dkt. No. 34.  The final approval

hearing for the settlement took place on February 19, 2014.  An order granting plaintiff's motion

for final approval of the class action settlement and entering judgment was entered on March 20,

2014.  Dkt. No. 119.[2]

Lionshead seeks remand of its case to the District of Colorado.  The ultimate authority for

remanding an action lies with the Multidistrict Litigation Panel.  See 28 U.S.C. § 1407(a).  28

U.S.C. § 1407 provides, in relevant part, that

> When civil actions involving one or more common questions of
> fact are pending in different districts, such actions may be
> transferred to any district for coordinated or consolidated pretrial
> proceedings. . . . Each action so transferred shall be remanded by
> the panel at or before the conclusion of such pretrial proceedings to
> the district from which it was transferred unless it shall have been
> previously terminated: terminated: Provided, however, That the
> panel may separate any claim, cross-claim, counter-claim, or third-
> party claim and remand any of such claims before the remainder of
> the action is remanded.

28 U.S.C. § 1407 (emphasis in original).

> Typically, the transferee judge recommends remand of an action,
> or a part of it, to the transferor court at any time by filing a
> suggestion of remand with the Panel.  However, the Panel may
> remand an action or any separable claim, cross-claim, counterclaim
> or third-party claim within it, upon (i) the transferee court's
> suggestion of remand, (ii) the Panel's own initiative by entry of an
> order to show cause, a conditional remand order or other
> appropriate order, or (iii) motion of any party.

Rules of Procedure of the United States Judicial Panel on Multidistrict Litig. 10.1(b).  In

determining whether to recommend remand, "[t]he transferee court should consider when

---

[2]      On April 19, 2014, certain objectors entered a notice of appeal from certain of the
Court's orders, including the order granting final approval of the class action settlement.  Dkt.
No. 121.  Their appeal was dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate
Procedure on August 12, 2014.  Dkt. No. 139.

remand will best serve the expeditious disposition of the litigation."  Manual for Complex

Litigation, Fourth § 20.133 at 225.  Because the purpose of multidistrict litigation "is for the

convenience of the parties and witnesses and [to] promote the just and efficient conduct of the

cases . . . [,] the decision of whether to suggest remand should be guided in large part by whether

one option is more likely to insure the maximum efficiency for all parties and the judiciary."

United States ex rel. Hockett v. Columbia/HCA Healthcare, 498 F. Supp. 2d 25, 38 (D.D.C.

2007).

  "The plain language of section 1407 accords the Panel discretion to remand cases before

the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible

fashion."  In re FedEx Ground Package System, Inc. Emp't Practices Litig., Nos. 3:05–MD–527

RM, MDL–1700, 2010 WL 415285, at *2 (N.D. Ind. Jan. 22, 2010).  "It is not contemplated that

a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions

transferred and assigned to him by the Panel, but rather that the transferee judge . . . will conduct

the common pretrial proceedings . . . and any additional pretrial proceedings as he deems

otherwise appropriate."  In re Evergreen Valley Project Litig., 435 F. Supp. 923, 924 (J.P.M.L.

1977).  "'In considering the question of remand, the Panel has consistently given great weight to

the transferee judge's determination that remand of a particular action at a particular time is

appropriate because the transferee judge, after all, supervises the day-to-day pretrial

proceedings.'"  In re Baseball Bat Antitrust Litig., 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000),

quoting In re Holiday Magic Sec. and Antitrust Litig., 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)).

  I am in agreement with Lionshead and CertainTeed that remand of the Lionshead action

is warranted under Section 1407.  Any remaining pretrial proceedings can best be managed in the

District of Colorado before the transferor judge who, under the Supreme Court's ruling in

Lexecon, Inc. v. Milberg Weiss Bershad Hynes Lerach, 523 U.S. 26, 40 (1998), is the judge who must preside over any eventual trial in Lionshead.  See also In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig., 276 F.R.D. 336 (W.D. Mo. 2011) ("Matters related to the administration of individual trials – or matters that relate to only a few cases – should be decided by the court that will actually conduct the trial.").  Prior to the settlement of this multidistrict litigation, the Court was not asked to rule on any discovery motions or dispositive motions.  Accordingly, I do not find that the Court has obtained "any particular expertise . . . from supervising this litigation" that would render it more capable than the transferor court of disposing of Lionshead's claims.  In re Air Crash Disaster Near Dayton, Ohio, 386 F. Supp. 908, 909 (J.P.M.L. 1975) (per curiam).  While it is true that by recommending the case for remand at this point, some pretrial work remains undone, the central purpose of referring the Lionshead action to this multidistrict litigation has been achieved.  CertainTeed estimated that approximately 300,000 structures are clad with the siding products involved in this litigation. The Court has now approved the settlement of the claims of all but the 21 opt-outs,[3] substantially lessening the prospect of inconsistent determinations of common issues and the inconvenience and expense of multiple-jurisdiction litigation.  Consequently I will recommend remand, finding that it will best serve the expeditious disposition of the remaining claims in this litigation.

An appropriate Order follows.

---

[3]     Only two of the opt-outs filed their notices of opt-out with Court and identified their currently pending actions against CertainTeed, the Lionshead plaintiffs and Burlingame Ranch I Condominium Association Inc.  See Dkt. No. 33 (identifying case number 2012 cv 104, filed by Burlingame Ranch against CertainTeed Corporation and other defendants on April 25, 2012 in the Colorado District Court, County of Pitkin).